```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,
                                          MEMORANDUM AND ORDER
          - against -
                                          01 Cr. 450 (NRB)
OMAR PORTEE,

                    Defendant.
-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is the <u>pro se</u> motion of Omar Portee based upon section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "First Step Act"). ECF No. 385. Portee seeks a reduction of the sentence imposed upon him by this Court on April 14, 2003. Because relief under the First Step Act is unwarranted, we deny the motion in its entirety.

### I. BACKGROUND

In August 2002, a jury convicted Portee of the following counts: engaging in a racketeering enterprise (Count 1); racketeering conspiracy (Count 2); conspiracy to commit murder in aid of racketeering (Count 3); assault with a dangerous weapon in aid of racketeering (Count 10); conspiracy to distribute and possess with intent to distribute cocaine base (Count 17); conspiracy to distribute and possess with intent to distribute marijuana (Count 19); distribution of and possession

with intent to distribute marijuana (Count 20); conspiracy to commit identity fraud (Count 25); conspiracy to commit credit card fraud (Count 26); and being a felon in possession of a firearm (Count 38).  Applying the Sentencing Guidelines then in force, we calculated a Guidelines range of 360 months to life imprisonment, based on a Base Offense Level of 42 and a Criminal History Category of VI.  After analyzing the statutory factors set forth at 18 U.S.C. § 3553(a), this Court sentenced Portee to a term of 600 months' imprisonment.[1]  See Sentencing Transcript (April 14, 2003) ("Sentencing Tr."), ECF No. 234 at 41-42, 49.

Since this Court imposed the sentence, Portee has repeatedly sought its modification.  Portee initially appealed this Court's April 14, 2003 sentence.  The Second Circuit affirmed this Court's sentence in a summary order.  United States v. Portee, 129 Fed. App'x 652 (2d Cir. 2005).  Portee subsequently appealed this order to the Supreme Court, which denied him a writ of certiorari.  Portee v. United States, 126 S. Ct. 674 (2005).  On December 5, 2005, the Second Circuit remanded Portee's case following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which was decided during the pendency of Portee's appeal.  See Portee, 129 F. App'x at 655.  On remand, this Court declined to modify Portee's

---

[1]  Portee was sentenced to 600 months on Counts 1, 2, 3, and 17; 240 months on Count 10; 60 months on Counts 19 and 20; 180 months on Counts 25 and 26; and 120 months on Count 38.  The sentences were to run concurrently.

sentence, finding that "[t]here are no facts presented that alter the original, individualized calculus reached," as "Portee's criminal history does not reflect youthful indiscretions, but rather an unrelenting pursuit of criminal activity undeterred by imprisonment and parole." United States v. Portee, No. 01 Cr. 0450 (NRB), 2006 WL 1096834, at *3 (S.D.N.Y. Apr. 26, 2006), aff'd, 378 F. App'x 103 (2d Cir. 2010).

Next, Portee appealed this Court's sentence on remand. During the pendency of his appeal, the Supreme Court decided Gall v. United States, 552 U.S. 38 (2007) and Kimbrough v. United States, 552 U.S. 85 (2007). See United States v. Portee, Nos. 06-1993-CR, 06-2181-CR (2d. Cir. July 2, 2008). The Second Circuit remanded Portee's case in light of these decisions. Id. On remand, this Court rejected Portee's suggestion that we modify his sentence by treating as equivalent cocaine base and cocaine powder. United States v. Portee, No. 01 Cr. 0450 (NRB), 2009 WL 2252273, at *3 (S.D.N.Y. July 23, 2009), aff'd, 378 F. App'x 103 (2d Cir. 2010). There, we observed that the "sentence imposed reflected the societal damage inflicted by this defendant's criminal activities" and concluded that our "assessment that a prison term of fifty years is the appropriate punishment for the crimes remains unchanged." Id.

Following Amendment 782 to the Sentencing Guidelines, which retroactively adjusted offense levels associated with certain drugs, Portee again sought a modified sentence. We declined to modify Portee's sentence, finding that the same Guidelines range applied to Portee regardless of whether the 2002 Guidelines or the post-Amendment 782 Guidelines were applied to his sentence. United States v. Portee, No. 01 Cr. 0450 (NRB), 2017 WL 4119660, at *3 (S.D.N.Y. Sept. 5, 2017).

Portee's instant motion was filed pro se on March 22, 2021. ECF No. 385. The Government filed its opposition on August 13, 2021. ECF No. 390. Portee's reply is dated August 22, 2021.

## II. DISCUSSION

Portee's motion seeks release or resentencing under the First Step Act. The First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) (the "Fair Sentencing Act"). In deciding a motion for a sentence reduction under the First Step Act, the Court must conduct a two-part inquiry: "First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." United States v. Moore, 975 F.3d 84, 89 (2d Cir. 2020).

As relevant here, section 2 of the Fair Sentencing Act increased the amount of crack cocaine required to trigger the mandatory minimum penalties set forth in 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams.  See United States v. Davis, 961 F.3d 181, 185 (2d Cir. 2020).  While, as enacted, section 2 of the Fair Sentencing Act only applied to offenders who were sentenced after the statute took effect, section 404(b) of the First Step Act allows a court that had previously imposed a sentence for a "covered offense" to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed."  First Step Act § 404.  Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  Id.  The First Step Act further provides that "[n]othing in [section 404] shall be construed to require a court to reduce any sentence pursuant to this section."  Id. at § 404(c).

### A. Counts One, Two, and Seventeen are "Covered Offenses" Under the First Step Act

There is no dispute that only Counts One, Two, and Seventeen meet the procedural prerequisites for eligibility set forth in section 404 of the First Step Act.  These counts relate to Portee's possession and distribution of cocaine base.

5

Although there is no dispute over this conclusion, we explain our reasoning in finding that these counts are "covered offenses" below.

### 1. Count Seventeen

Count Seventeen charged Portee with conspiring to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. See Amended Judgment and Conviction (June 19, 2003), ECF No. 234, at 1. Portee was convicted of this count. Sentencing Tr. at 44. At the time of Portee's sentencing, Section 841(b)(1)(A) provided for a minimum term of imprisonment of ten years and a maximum term of life imprisonment. Section 2 of the Fair Sentencing Act modified Section 841(b) to provide for a term of imprisonment between five and 40 years. See Davis, 961 F.3d at 184-85. As such, Portee has been convicted of a "covered offense" under the First Step Act. See id. at 190-91 (finding defendant qualified for First Step Act when underlying charge was under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846).

### 2. Counts One and Two

Likewise, Portee's maximum sentences for Counts One and Two were dependent on 21 U.S.C. § 841(b). Count One charged Portee with engaging in a racketeering enterprise in violation of 18 U.S.C. §§ 1961 and 1962(c). Count Two charged him with racketeering conspiracy in violation of 18 U.S.C. § 1962(d).

6

Section 1963(a) provides that both counts carry a maximum term of imprisonment of 20 years, unless the violation is based on a racketeering predicate for which the maximum penalty includes life imprisonment.  18 U.S.C. § 1963(a).

Portee was charged with the same racketeering predicates with respect to both Counts One and Two.  At trial, the jury found that Portee had committed five of these predicates:

- Racketeering Act 1(a): conspiracy to commit murder, in violation of New York Penal Law Sections 125.25 and 105.15, which carries a maximum term of imprisonment of 25 years.  See N.Y.P.L. §§ 105.15, 70.00(2)(b).

- Racketeering Act 8: conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(D), which carries a maximum term of imprisonment of five years, id. § 841(b)(1)(D).

- Racketeering Act 9(b): possession with intent to distribute, and conspiracy to possess with intent to distribute, crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846.  At the time of Portee's sentencing, 841(b)(1)(A) provided for a minimum term of imprisonment of ten years and a maximum term of life imprisonment.  Section 2 of the Fair Sentencing Act modified Section 841(b) to provide

7

for a term of imprisonment between five and 40 years. See Davis, 961 F.3d at 184-85.

- Racketeering Act 11: conspiracy and attempt to commit credit card fraud, in violation of 18 U.S.C. §§ 1029(a)(2), 1029(a)(5), 1029(b)(1), and 1029(b)(2), which carries a maximum term of imprisonment of 15 years, see id. § 1029(c)(1)(A)(ii).

- Racketeering Act 12: conspiracy to commit identity theft, in violation of 18 U.S.C.§ 1028(a)(7), which carries a maximum term of imprisonment of 15 years, see id. § 1028(b)(1)(D).

The only racketeering predicate that carried a maximum term of life imprisonment is Racketeering Act 9(b). As discussed *supra*, the Fair Sentencing Act modified the maximum penalty of 841(d) and reduced it to 40 years. Therefore, if the Fair Sentencing Act had been in effect at the time of Portee's sentencing, the maximum term under Section 1963(a) would have been 20 years. As such, these offenses constitute "covered offense[s]" under the First Step Act. See United States v. Holloway, 956 F.3d 660, 666 (2d Cir. 2020).

B. **This Court Declines to Exercise its Discretion to Reduce Portee's Sentence**

Having found that Portee was convicted of a covered offense, we then turn the question of "whether, and to what

8

extent" the Court should reduce Portee's sentence. Moore, 975 F.3d at 89. "Section 404 relief is discretionary, after all, and a district judge may exercise that discretion to deny relief where appropriate." Davis, 961 F.3d at 191. Here, the Court finds that given the severity of Portee's offenses, relief is unwarranted.

Portee's sentence did not turn on the offenses covered by the First Step Act. As we previously stated, the cocaine base charges "were not even mentioned" in the explanation for Portee's sentencing. Portee, 2009 WL 2252273, at *3. Moreover, Portee's sentence was not driven by the mandatory minimums that applied to his crimes. While Portee was convicted of numerous criminal acts, "beyond these specific crimes of conviction, the sentence imposed reflected the societal damage inflicted by this defendant's criminal activities." Id.

> As the Court explained at Portee's sentencing:
>
> Mr. Portee is the admitted founder of the Bloods, a violent gang which operates both in prison and on the street. I have also considered the amount of violence and lawlessness that Mr. Portee has encouraged and the degree to which he has glorified violence and lawlessness and also the frequency that Mr. Portee involved impressionable young people in his life of crime, the disruption he caused in his own neighborhood, the fact that he himself has lived a life of crime, the pain that his crime has caused others, and the absence of much, if anything, on the positive side of the ledger.
>
> Considering all these factors and the need for proportionality in Mr. Portee's sentencing and that of his co-defendants, as well as having due regard

9

> for the traditional and statutory factors of the nature and circumstances of the offense, the history and characteristics of the defendant and the need for a sentence to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes by this defendant, I sentence Mr. Portee [to 50 years' imprisonment].

Sentencing Tr. at 43-44. For the reasons articulated at Portee's sentencing, this Court remains convinced that fifty years remains an appropriate sentence for Portee's conduct. The Court notes that, had we imposed Portee's sentence to be served consecutively instead of concurrently, Portee's sentence would have vastly exceeded fifty years. Portee's account of his "clean conduct in prison since 2015" does not move the Court to alter our prior conclusion that a sentence of fifty years imprisonment appropriately reflects the seriousness of the offenses for which Portee was convicted. See § 18 U.S.C. § 3553(a)(2)(A).[2]

### III. CONCLUSION

We conclude that Portee is not entitled to a reduction of his sentence pursuant the First Step Act. Accordingly, his motion for relief is denied in its entirety and the Clerk of

---

[2] See United States v. Rose, 379 F. Supp. 3d 223, 234 (S.D.N.Y. 2019) ("Moreover, even if consideration of § 3553(a) factors is not expressly required by the First Step Act, the Court concludes that it is appropriate to use that familiar framework to guide the exercise of discretion conferred by the First Step Act.").

Court is directed to terminate the motion pending at ECF No. 385.

**SO ORDERED.**

Dated:   New York, New York
         November 12, 2021

                                   _____
                                   NAOMI REICE BUCHWALD
                                   UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed to the following:

**Counsel for the Government**
Patrick R. Moroney, Esq.
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007

**Defendant**
Omar Portee, Reg. No. 30063-037
U.S. Penitentiary Florence
P.O. Box 7000
Florence, CO 81226-8500